IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:21-cv-00003-X (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, et al., | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Kevin Jerome Jones, a state prisoner, filed a *pro se* habeas action under 28 U.S.C. § 2254. Because Jones challenges the decision to house him with a "cage mate," the Court construes his filing as a civil action filed pursuant to 42 U.S.C. § 1983. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994) (challenges regarding conditions of confinement are properly construed as civil rights challenges under § 1983). Jones did not pay the filing fee, but he did file a motion for leave to proceed *in forma pauperis*. However, he failed to include an inmate trust account with his motion for leave to proceed *in forma pauperis*. Having screened Jones's filing and his motion, the undersigned recommends that the Court DENY the motion for leave to proceed *in forma pauperis* and DISMISS this action as barred by the three strikes provision of 28 U.S.C. § 1915(g).

The "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma*

*pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2017). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" *Brown v. Meg*, 857 F.3d 287, 291 (5th Cir. 2017) (quoting *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1762 (2015)).

Jones has accrued three strikes under § 1915(g). Before filing this action, and while he was incarcerated as a prisoner, Jones filed at least three civil cases that were dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Jones v. Upcm, et al.*, No. 3:20-cv-862 (N.D. Tex. June 8, 2020); *Jones v. Cuilc, et al.,* No. 3:20-cv-1375 (N.D. Tex. June 26, 2020); *Jones v. Davis-Director TDCJ-CID*, No. 3:20-cv-1793 (N.D. Tex. July 29, 2020). Because Jones has accrued three strikes, § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Jones does not allege that he was in imminent danger of serious physical injury at the time he filed this action. He is therefore barred from proceeding *in forma pauperis* under § 1915(g).

## Recommendation

The Court should DENY Jones's motion for leave to proceed *in forma pauperis* and DISMISS this civil action as barred by the three-strikes provision of

2

28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* complaint raising the same claims as presented here, but without prejudice to the refiling of this complaint with full payment of the $402.00 filing fee.

Signed January 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).